**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2258**

BETTE J.T. JONES,

                Plaintiff – Appellant,

        v.

NORTH CAROLINA DEPARTMENT OF TRANSPORTATION,

                Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:15-cv-00170-GCM)

Submitted: August 26, 2016          Decided: September 6, 2016

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Bette J.T. Jones, Appellant Pro Se. Kenneth Andrew Sack, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bette J.T. Jones appeals the district court's orders denying her notice of removal and remanding her civil action to state court for further proceedings and denying her motions for reconsideration. After we dismissed her appeal as untimely, Jones filed a petition for rehearing providing additional information on the timeliness of the notices of appeal. We grant the petition for rehearing, thus vacating our previous order dismissing as untimely, and dismiss in part and affirm in part the district court's orders denying the notice of removal and remanding the case to state court and denying Jones' motions for reconsideration.

With certain exceptions, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (2012). The Supreme Court has limited the scope of § 1447(d) to prohibiting appellate review of remand orders based on a defect in the removal procedure or lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711–12 (1996); see 28 U.S.C. § 1447(c) (2012). However, 28 U.S.C. § 1443 (2012) authorizes removal from state court of "civil actions ... [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

2

equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).

To the extent the civil rights exception applies here, based on Jones' allegations under Title VII, we affirm the order based on the reasoning of the district court.  <u>Jones v. North Carolina Dep't of Transp.</u>, No. 3:15-cv-00170-GCM (W.D.N.C. Aug. 6 & Sept. 10, 2015).  The remainder of the appeal must be dismissed because this court lacks jurisdiction to review the district court's order.  <u>See</u> 28 U.S.C. § 1447(d).  We therefore dismiss the appeal in part and affirm in part.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

3